IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                         Case No. 4:20cr44-MW/MAF

ANTONIO DAYSHAUN STOKES,

      Defendant.
_____/

## STATEMENT OF FACTS

The Defendant admits that if this case were to proceed to trial, the government could prove the following beyond a reasonable doubt.

1. On November 11, 2019, a Confidential Informant ("CI") working with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") made a recorded phone call to **ANTONIO DAYSHAUN STOKES**. The conversation between the CI and **STOKES** was as follows:

    CI: When can you get your hand on that thang for me, that Taurus?

    **STOKES**: Today.

    CI: Can it be tomorrow?

    **STOKES**: Yes sir.

    CI: Ok I need you go ahead to grip that up for me tomorrow and I'm a come on through and grab it and grab some other shit from you.

FILED IN OPEN COURT THIS
3/18/2021 CM
CLERK, U.S. DISTRICT
COURT, NORTH. DIST. FLA.

**STOKES**: OK alright we can do that.

The CI told ATF that the reference for the "Taurus" is for a handgun. **STOKES** had previously told the CI that **STOKES** had this handgun in his possession for sale.

2. On November 12 and November 13, 2019, **STOKES** and the CI arranged to meet on November 13, 2019.

3. On November 13, 2019, ATF searched the CI for contraband with negative results. ATF transported the CI to the meeting location. The CI subsequently met with **STOKES** near a hotel in Tallahassee, Florida. During the meeting, **STOKES** provided crack cocaine to the CI in exchange for $200. **STOKES** told the CI he would return in approximately one hour with a firearm to sell to the CI. After approximately 45 minutes waiting for **STOKES** to return with a firearm and no communication with **STOKES**, ATF and the CI departed the meeting location.

4. On November 14, 2019, **STOKES** contacted the CI using a short message system (SMS) to let the CI know he had acquired a firearm and crack cocaine for sale. The following is SMS communication between CI and **STOKES** on November 14, 2019:

CI: Yo

**STOKES**: I told you I got one

**STOKES**: 22 revolver

2

> **STOKES**: You said anything and I paid for it
>
> CI: How much
>
> **STOKES**: But you didn't respond. And I got my thick shit back
>
> **STOKES**: 170

The CI told ATF that **STOKES**' reference to "my thick shit" is crack cocaine.

5.  That same day, the CI coordinated with STOKES to meet at the Budget Inn located at 1402 West Tennessee Street, Tallahassee, FL 32304, at 4:00pm. The CI told **STOKES** that an ATF agent (acting in an undercover capacity) wanted the firearm and $100.00 worth of crack cocaine. The following communication is between the CI and STOKES agreeing on the purchase amount and contraband:

> CI: Ok he wants a hundred plus the 180. And I have to tell u he was going to spend more yesterday but he was disappointed that u didn't wanna talk him or really with him especially spending that kind of money with u.
>
> **STOKES**: I kno but you gotta let him kno its nothing personal.
>
> **STOKES**: So 280$ ok.
>
> CI: Yes see u at 4

6.  The CI was searched by ATF agents and no contraband was discovered. The CI was provided with ATF funds for the purchase of crack cocaine and a firearm. SA Lane was provided with an audio transmitting device for this operation. The CI was equipped with an audio and video recording device in addition to an

audio transmitter for this operation. ATF drove the CI in to the Panda Express at 1410 W. Tennessee Street, Tallahassee, Florida.

7. At approximately 4:20 p.m., **STOKES** walked up to the front of the Budget Inn and stayed on the sidewalk. ATF agents spotted **STOKES** on the sidewalk. The CI exited an undercover ATF vehicle and started walking towards the individual who the CI recognized as **STOKES**.

8. **STOKES** then gave the CI a white rock-like substance that later field-tested as cocaine in exchange for $100.00 of ATF funds. **STOKES** also sold the CI a small caliber revolver loaded with ammunition in exchange for $180.00 in ATF funds. The firearm was wrapped inside of a bag when sold to the CI. The video recording of the exchange captured **STOKES** telling the CI that the firearm was a .22 revolver, and to put the bag in his pocket.

9. ATF's analysis of the firearm determined that it is a Burgo revolver, model 100, .22 short caliber, serial number 245902. It is manufactured in Germany by K. Burgsmuller. Therefore it move in foreign commerce. It is a firearm as defined in Title 18 U.S.C., Chapter 44, Section 921 (a)(3).

10. On or about August 28, 2007, **STOKES** was convicted in the State of Florida of Sale of Cocaine. This offense is punishable by imprisonment for a term exceeding one year.

11. On or about January 19, 2016, **STOKES** was convicted in the State of Florida of Possession of alpha-Pyrrolidinopentiophenone. This offense is punishable by imprisonment for a term exceeding one year.

12. **STOKES** knew that he had previously been convicted of a felony—that is, an offense punishable by imprisonment for a term exceeding one year—when he possessed the firearm on November 14, 2019.

13. On May 8, 2020, the coordinator for Office of Executive Clemency of the State of Florida certified that there is no record of restoration of civil rights for **STOKES**, or any application pending for clemency at that time.

## ELEMENTS

### COUNT ONE (18 U.S.C. §§ 922(g)(1) and 924(a)(2)) – Possession of a Firearm by a Convicted Felon

(1) The Defendant knowingly possessed a firearm in or affecting interstate or foreign commerce;

(2) Before possessing the firearm, the Defendant had been convicted of a felony—a crime punishable by imprisonment for more than one year; and

(3) The Defendant knew he was a convicted felon at the time he possessed the firearm.

|  |  |
|---|---|
| /s/ *signature*<br>_____<br>RICHARD A. GREENBERG<br>Attorney for Defendant<br>Date: 3/18/21 | Respectfully submitted,<br><br>JASON R. COODY<br>Acting United States Attorney<br><br>/s/ *signature*<br>_____<br>ANDREW J. GROGAN<br>Assistant United States Attorney<br>Florida Bar No. 85932<br>111 North Adams Street, Fourth Floor<br>Tallahassee, Florida 32301<br>(850) 942-8430<br>andrew.grogan@usdoj.gov<br><br>Date: 3/18/2021 |
| /s/ *signature*<br>_____<br>ANTONIO D. STOKES<br>Defendant<br>Date: 3-18-21 |  |